UNITED STATES DISTRICT COURT
SOURTHER DISTRICT OF FLORIDA

**CASE NO.: 19-cv-21352-RNS**

EVERTH ISSAC ANGULO and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

IL GABBIANO MIAMI, LLC, a Florida
limited liability company, FERNANDO
MASCI, LUIGI TULLIO and GINO
MASCI,

    Defendants.
_____/

IL GABBIANO MIAMI, LLC, a Florida
limited liability company,

    Counter-Plaintiff,

v.

EVERTH ISSAC ANGULO

    Counter-Defendant.
_____/

**DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE
IN OPPOSITION TO PLAINTIFF/ COUNTER-DEFENDANT'S MOTION TO
DISMISS COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSE**

    Defendant/Counter-Plaintiff, IL GABBIANO MIAMI, LLC, ("Il Gabbiano"), by and through undersigned counsel, hereby files its Response in Opposition to Plaintiff/Counter-Defendant's ("Angulo") Motion to Dismiss Counterclaim and its incorporated Motion to Strike Il Gabbiano's Eleventh Affirmative Defense (the "Motion"), and respectfully request that the Court enter an order denying the Motion and requiring Angulo to answer the Counterclaim within 10 days, on the following grounds:

## **INTRODUCTION**

In his Motion, Angulo incorrectly argues that Il Gabbiano's Counterclaims should be dismissed for the following reasons: (i) Il Gabbiano's Counterclaims are not compulsory and therefore, this Court cannot exercise supplemental jurisdiction over those Counterclaims; (ii) even if the Court had supplemental jurisdiction over Il Gabbiano's claims, it should decline to exercise such jurisdiction because the Counterclaims raise complex issues of state law; (iii) Il Gabbiano's Counterclaims are duplicative of its eleventh affirmative defense for a "set off"; and (iv) Il Gabbiano's eleventh affirmative defense for a set-off should be stricken because it is not applicable to Plaintiff's FLSA claim.

Putting aside the fact that Angulo raised and the Court rejected these very same arguments in opposition to Il Gabbiano's Motion for Leave to File its Counterclaim, Defendant's instant Motion should be denied for the following reasons:

I. Il Gabbiano's counterclaims are compulsory to the FLSA claim in this case under Rule 13(a) of the Federal Rules of Civil Procedure and, therefore, falls within the ancillary jurisdiction of this Court;

II. Il Gabbiano's claims do not raise any complex issues of state law and do not predominate over the FLSA claim, thus there is no justification for this Court to decline supplemental jurisdiction over Il Gabbiano's state law Counterclaims;

III. Il Gabbiano's Counterclaims are not duplicative of its eleventh affirmative defense for "set off" because the Counterclaim clearly seeks affirmative relief for tortious acts committed by Angulo, which are factually related to the determination of the FLSA claim;

IV. Il Gabbiano's eleventh affirmative defense requesting a set off of Angulo's potential recovery is supported under the FLSA and should not be stricken.

## STATEMENT OF FACTS

It is important to point out that Angulo seems to conveniently change his story about the facts of this case whenever a new version of the story seems more convenient and supportive of his arguments. In opposition to Il Gabbiano's Motion for Leave to File its Counterclaims, Angulo argued that Il Gabbiano's Counterclaim for conversion fails because his actions were simply not wrongful; they were in accordance with the terms of the agreement between the parties. [DE #25 at p. 4]. Similarly, Angulo argued that the fraud in the inducement Counterclaim fails because there is no indication or allegation that he 'induced" the agreement whatsoever, both parties entered the agreement with clear and expectation and full knowledge of the facts. Angulo was paid more than market value to ensure his loyalty and to ensure that he would focus on doing the best work that he could do for the restaurant. *Id.* at p. 5. Further, Angulo argued that Il Gabbiano's Counterclaim for unjust enrichment fails because it cannot be inequitable under the circumstances for Plaintiff to retain the agreed upon salary he was paid for his services rendered, even where he was allegedly paid more than market value, as this was expressly paid to him to retain his services, to obtain his loyalty. *Id.* at pp. 5 – 6. Moreover, Angulo also argued that Il Gabbiano's Counterclaim for civil theft fails because there was a bargained for agreement between the parties that was delivered by both parties. Angulo was due and owned what he was paid under the agreement and there was no intent to deprive Defendant of anything. *Id.* at p. 6.

The agreement that Angulo is referring to in his Opposition to the Motion for Leave was explicitly described in the following paragraphs of the Counterclaim:

3

**ZARCO EINHORN SALKOWSKI & BRITO**
ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

9. For the three years that preceded the filing of this lawsuit, Counter-Defendant agreed to work six days a week with shifts ranging between 8 and 10 hours per day. The length of the shift depended on the season. Counter-Defendant would work the longer shifts during the peak season and the hours would be reduced during the slow season. In exchange, Il Gabbiano agreed to pay Counter-Defendant a weekly compensation of $1100 per week plus benefits including free meals, health insurance, paid time off, and Christmas bonuses.

10. Il Gabbiano determined Counter-Defendant's compensation based on the going rate for salad prepares in the South Florida market which ranges from $9 to $13 per hour. Il Gabbiano agreed to pay Counter-Defendant $1100 per week which is approximately $200 more per week than Counter-Defendant would have received had he been paid the $13 per hour for the first 40 hours of work during a particular pay period and $19.5 per hour for the 20 hours of overtime that Counter-Defendant agreed to work per week.

11. Il Gabbiano agreed to pay Counter-Defendant more than the fair market value of his services to retain him, ensure that he was going to be loyal to the restaurant, and t focus on doing the best work that he could for the restaurant. The strategy clearly worked because Counter-Defendant worked at the restaurant for nearly 12 years.

12. Il Gabbiano lived up to its part of the employment agreement. It consistently paid Counter-Defendant at the end of each pay period, provided him with meals free of charge, paid for his healthcare insurance, paid him while he was on vacation, and paid him a Christmas bonus each year. In addition, the owners of the restaurant treated Counter-Defendant as a member of their family. They gave him gifts such as furniture, clothes, and toys for his daughter which the owners of the restaurant were not obligated to give him.

13. Il Gabbiano required Counter-Defendant to clock in and out for each shift and the parties agreed that Counter-Defendant would not be paid for any days that he was scheduled to but did not show up to work. Because the restaurant was paying Counter-Defendant than the going rate for a salad preparer, the parties agreed that his pay would be reduced by the days that he did not show up for work rather than reducing the pay by the hours missed.

14. Counter-Defendant failed and/or was unwilling to fulfill his part of the bargain. He became increasingly unreliable. He often called out or did not show up for work which in turn left the restaurant scrambling to cover his shifts.

15. Despite receiving several warnings form his supervisor, Chef Sanango, Counter-Defendant's lack of punctuality and unauthorized absences continued which ultimately led to his termination.

ZARCO EINHORN SALKOWSKI & BRITO
ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

16. the restaurant and its owners' good deed certainly did not go unpunished. Shortly after Chef Sanango terminated Counter-Defendant's employment with the restaurant, he concocted a story that he was not paid for the overtime hours that he worked during the last three years of his employment with the restaurant.

17. Counter-Defendants accepted and cashed his payroll checks each week for the three years without ever voicing any complaints or concerns to his supervisor, the restaurant's controller who is in charge of processing the payroll, or the restaurant's owners. Counter-Defendant's silence and his acceptance of the payroll checks induced Il Gabbiano into continuing to employ and pay him on the terms of the agreed upon compensation agreement.

18. Had Counter-Defendant voiced any concerns about his compensation arrangement, Il Gabbiano would have at least offered him the option of continuing the same compensation arrangement with full documentation of its compliance with the FLSA requirements or switching to an hourly arrangement that is commensurate with the going rate for a salad preparer (i.e., $13 per hour) for the first 40 hours worked in each pay period and the $19.5 for each hour of overtime during the same pay period).

19. By inducing the restaurant to continue paying him under the agreed-upon compensation arrangement, Counter-Defendant received $39,446.71 more than he would have received had he been paid the going rate of $13 per hour, and $19.5 per hour of overtime during the same pay period.

Recognizing that his arguments in opposition to the Motion for Leave did not persuade the Court, Angulo has now changed his story. He no longer acknowledges his employment arrangement with Il Gabbiano or that he was paid more than the going rate for a salad preparer. Instead, Angulo contends that the Court lacks jurisdiction over Il Gabbiano's Counterclaims because those Counterclaims are based on Il Gabbiano *allegedly* entering into an agreement to pay him more money than a normal hourly salad preparer. [DE #31 at p. 7]. Angulo then argues, without any supporting factual or legal arguments, that Il Gabbiano's Counterclaims based on its *alleged* agreement with him do not encompass any elements of his FLSA claim. *Id.* at p. 8.

Contrary to Angulo's arguments, the foregoing allegations in paragraphs 9 through 19 of Il Gabbiano's Counterclaim clearly demonstrates that Il Gabbiano's state law Counterclaims arise

5

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

out of the same set transaction (i.e., Angulo's employment relationship with Il Gabbiano) and involve the same nucleus of operative facts (i.e., the terms of Angulo's compensation arrangement, the number of hours that Angulo worked during each pay period, the actual compensation that Angulo received during each pay period, whether Angulo was fully paid in accordance with the FLSA's overtime requirements, and the excess compensation, if any, that Angulo received from Il Gabbiano). If the evidence substantiates Il Gabbiano's version of the facts (i.e., Angulo was paid more than he was entitled to receive under the FLSA's overtime requirements), then Angulo's FLSA claim fails and Il Gabbiano should prevail on its Counterclaims. Conversely, if the evidence supports Angulo's version of the story (i.e., Angulo was hired as a salad preparer to be paid an hourly rate of $18.64 but was not paid the extra half time rate for the hours that he worked over 40 hours in a week as he alleges in paragraph 17 of the Complaint), then Angulo should prevail on his FLSA Claim and Il Gabbiano's Counterclaims. Angulo's FLSA claim and Il Gabbiano's state law Counterclaims involve the same set of operative facts, the presentation of the same evidence, the testimony of the same witnesses. Requiring Il Gabbiano to pursue its state law claims in a separate proceeding will inevitably force the parties to unnecessarily duplicate the efforts and waste the limited judicial resources.

Based on the foregoing and for the reasons that are more specifically discussed below, the Court has and should exercise supplemental jurisdiction over Il Gabbiano's state law claims and summarily deny the instant Motion to Dismiss.

6

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

## MEMORANDUM OF LAW

### I. The Court has and should exercise its supplemental jurisdiction over Il Gabbiano's state law Counterclaims

In moving to dismiss Il Gabbiano's Counterclaim, Angulo argues that the Counterclaim is distinct form his FLSA claim and, therefore, the Court lacks supplemental jurisdiction over Il Gabbiano's state law claims. [DE #31 at pp. 5 – 7]. Angulo's argument conveniently glosses over the fact that Il Gabbiano's state law Counterclaims are compulsory and as such, the Court has and should exercise supplemental jurisdiction over those Counterclaims.

It is well settled that "where a Complaint sets forth a basis for federal jurisdiction, the court also has supplementary jurisdiction over compulsory counterclaims." *See* Fed. R. Civ. P. 13. "It is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration." *See Plant v. Blazer Fin. Servs. Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979). The "standard for asserting supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) is broader than the standard for determining a counterclaim to be compulsory." See *Bakewell v. Fed. Fin. Grp., Inc.*, 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006). Thus, once a counterclaim is found to be compulsory by the court, then supplemental jurisdiction should follow to ensure judicial efficiency, economy and fairness to the nonmoving party. *Rosa v. Aids Healthcare Foundation, Inc.*, 2010 WL 3008827 (S.D. Fla. July 27, 2010). To determine whether a counterclaim is compulsory, the Eleventh Circuit applies the "logical relationship" test. *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). This inquiry involves considering whether "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activate additional legal rights, otherwise dormant, in the defendant." *Id.*

7

Zarco Einhorn Salkowski & Brito
One Biscayne Tower, 2 S. Biscayne Blvd., 34TH Floor, Miami, Florida 33131 (305) 374-5418 Fax (305) 374-5428

With respect to an action under FLSA, it is true that "[t]he Eleventh Circuit is 'hesitant to allow employers to assert state-law counterclaims against employees.'" *Perez v. Elite Imaging, LLC*, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (quoting *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016). However, it is well within this Court's power to exercise supplemental jurisdiction over a state-law counterclaim where it relates to the elements of a plaintiff's FLSA claim. *Molnoski v. Batmasian*, 246 F. Supp. 3d 1336, 1338 (S.D. Fla. 2017); *see also Jagroop v. Moran Foods, LLC*, 2014 WL 12600721, at *1 (S.D. Fla. Mar. 4, 2014).

In *Jagroop*, the plaintiffs filed a complaint against their employer alleging violations of the overtime wage provisions of the FLSA. Defendants' counterclaims asserted claims for civil theft, fraud, and conversion. Plaintiffs filed a motion to dismiss because the counterclaims did not arise from the same transaction or occurrence as the FLSA claim. However, the Court denied Plaintiffs' motion because there was a common nexus between Plaintiffs' FLSA claim and Defendants' counterclaims:

> Defendants' Counterclaims share a common nexus of operative facts with those facts that will be litigated as to Plaintiffs' claims: Plaintiff Lambert's employment with Defendant, and specifically, (1) what Plaintiff Lambert was actual doing during the time when he claimed to have been working more than forty hours per week for Defendant, and (2) the amount Plaintiff Lambert has already been compensated.

*Id.* at *2. Another equally persuasive case is the decision *Rosa v. Aids Healthcare Foundation, Inc.*, 2010 WL 3008827 (S.D. Fla. July 27, 2010), where the plaintiff filed an action against the defendant for unpaid overtime compensation under the FLSA. Defendant counterclaimed, alleging that the plaintiff stole the defendant's property while employed. The Court denied the plaintiff's motion to dismiss the defendant's conversion counterclaim because it was compulsory:

> The Counterclaim alleges that Plaintiff stole Defendant's property while employed by Defendant. Moreover, Defendant argues in its Opposition to the Motion to

8

**ZARCO EINHORN SALKOWSKI & BRITO**
ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

> Dismiss that Plaintiff was stealing rather than working during the hours that she claims to have been working. Defendant's counterclaim, therefore, requires the Court to evaluate the same evidence that it will evaluate to resolve Plaintiff's FLSA claim. In other words, Defendant's conversion claim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim. Because Defendant's conversion claim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim, the conversion claim is a compulsory counterclaim.

*Rosa*, 2010 WL 3008827 at *2. Because there is a nexus between Plaintiff's FLSA claim and Il Gabbiano's counterclaims, Plaintiff's argument regarding the Court's supplemental jurisdiction lacks merit. *See Arcusa v. Lisa Coplan-Garder, P.A.*, 2007 WL 3521986, at *2 (M.D. Fla. Nov. 15, 2007) ("[T]he Firm's reason for denying any overtime pay, and for terminating Arcusa's employment, was due to the alleged conversion. Therefore, the Court finds that the Firm's conversion counterclaim is logically related to Arcusa's FLSA claims, and the counterclaim in compulsory.")

Notably, the Eleventh Circuit has held that where the state law claims "involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts' as the federal claim," supplemental jurisdiction should be asserted. *Palmer v. Hosp. Auth. Of Randolph Cnty.*, 22 F.3d 1559,1563-64 (11th Cir. 1994). In the instant case, Angulo's FLSA Claim and Il Gabbiano's state law counterclaims involve the same set of facts relating to his employment and compensation arrangement with Il Gabbiano as well as the presentation of the same evidence from the same witnesses (i.e., Angulo, Angulo's supervisor, Chef Sanango, Il Gabbiano's controller, Carmen Pollack, and Il Gabbiano's owners who have been individually named as defendants in this lawsuit). Angulo has already deposed all of Il Gabbiano's witnesses and inquired regarding all of the factual allegations in the Counterclaims. Moreover, Angulo has failed to identify the additional witnesses or evidence that he claims that Il Gabbiano will present during

9

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

the trial. Angulo could not identify any additional witnesses or evidence because Il Gabbiano has already responded to all of his discovery requests on the Counterclaims stating that the evidence and witnesses are the same as the evidence and witnesses that will be presented in defense of the FLSA claim. As such, the Court should decline Angulo's invitation not to exercise supplemental jurisdiction because doing so would inevitably force the parties to duplicate the discovery and trial preparation efforts in parallel proceedings, would waste the limited judicial resources, and introduce the possibility of inconsistent verdicts. *Norris v. Lake Conway Landscaping of Orlando*, 2014 WL 5472522, at *2 (M.D. Fla. Oct. 22, 2014)(finding the counterclaim in an FLSA action to be compulsory and further finding that declining to exercise supplemental jurisdiction over the counterclaims and requiring the parties to litigate in two different courts would be in contravention to the convenience, fairness, and judicial economy of the action).

Angulo relies heavily on the Middle District of Florida's decision in *Cruz v. Winter Garden Realty, LLC*, 2012 WL 6212909 (M.D. Fla. Nov. 27, 2012), Magistrate Judge's report and recommendation adopted, 2012 WL 6212847 (M.D. Fla. Dec. 13, 2012) for the proposition that Il Gabbiano's state law claims should be dismissed because they are not sufficiently related to Angulo's FLSA Claim. However, the decision in *Cruz* is distinguishable from the facts of this case. In *Cruz*, the Court found that "Winter Garden Realty's counterclaims, by contrast, focus on some discrete actions Cruz allegedly took during the time she worked for Winter Garden Realty and their effect—specifically, they focus on Winter Garden Realty's claim that Cruz allegedly told tenants they did not need to pay rent and allegedly took rent checks from tenants but refused to turn them over to Winter Garden Realty. Although Winter Garden Realty claims that Cruz's alleged tortious interference, civil theft, and conversion occurred "[d]uring the exact same period for which

10

Cruz now claims entitlement to additional compensation," this temporal proximity is not sufficient to meet the "common nucleus of operative fact." *Id.* at p. *5.

Similarly, Angulo's reliance on the decision in *Palma v. Safe Hurricane Shutters, Inc.*, 2008 WL 2917689 (S.D. Fla. Jul. 25, 2008) and *Leite v. Tremron, Inc.*, 2012 WL 4049962 (S.D. Fla. Sept. 13, 2012) is inapposite. In *Palma*, Magistrate Judge Simonton found that that the Court lacked supplemental jurisdiction over the plaintiff's former employer's counterclaims and explained that "this FLSA matter concerns the employment relationship between Defendant Leiva and Plaintiff Palma. At the very heart of this case are the payment practices of the Defendants. In this matter, the facts surrounding the [alleged] conversion involve another instance where Defendant Leiva wrongfully withheld funds from Plaintiff Palma during the employment relationship." *Id.* at p. *2. In *Leite*, Judge Moreno dismissed the former employer's state law claims because he found that "Defendants will present evidence and witness testimony on facts significantly different from the evidence that Leite will offer in support his claim. While Leite will submit proof of overtime hours worked and unpaid wages owned, Defendants' evidence will pertain to the breach of the settlement agreement and the representations that Leite made to Tremron therein." *Id.* at p. *3. In the instant action unlike in *Cruz, Palma, and Leite*, Il Gabbiano's state law claim arise out of the same events relating to Angulo's FLSA claim (i.e., the terms of his compensation, the number of hours he worked in each pay period, the actual pay that he received, and whether the pay met or exceeded the FLSA's overtime requirements) and as such, the Court has and should exercise supplemental jurisdiction over Il Gabbiano's Counterclaims. *Hunter v. Kenaday Med. Clinic, Inc.*, 2011 WL 2600656 at *p. *1 (M.D. Fla. June 30, 2011) ("In this instance, the counterclaim for fraud derives from an alleged employment agreement (specifying the plaintiffs' wage and benefits) between the plaintiffs and the defendants. The counterclaim is

11

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

logically connected to, and based on, the same operative facts as the plaintiffs' FLSA claim. Thus, the counterclaim appears compulsory and subject to preclusion if not raised.")[1]

Based on the foregoing, the Court should deny Angulo's Motion to Dismiss.

## II. Plaintiff's Motion to Strike the setoff Defense is unmeritorious and should be denied.

Angulo contends that Il Gabbiano's state law Counterclaims are duplicative of its set off defense and should be dismissed because the setoff defense is not applicable to Angulo's FLSA claim. [DE 31 at pp. 12 – 14]. This argument is explicitly refuted by the decision in *Nelson v. CK Nelson, Inc.* that Angulo has cited in his Motion. In *Nelson*, Judge Marra relaying on the Fifth Circuit's decision in *Singer v. City of Waco, Tex.*, 324 F. 3d 813, 828 n. 9 (5t Cir. 2003), explained that "*Brennan* does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum." *Id.* at *3. Notably, in granting the employee-plaintiff's motion to dismiss the former employer's counterclaims, Judge Moore reasoned that:

> Unlike *Singer*, the set-off (and counterclaim) asserted does not involve an overpayment of wages by Defendants to Plaintiff, but instead damages allegedly caused by Plaintiff to a residence. In other words, allowing such a set-off would invariably cause Plaintiff not to receive the overtime payments he was allegedly entitled to under the FLSA. Therefore, given that this type of set-off is not an appropriate affirmative defense in a FLSA case, it would be inappropriate to allow this Counterclaim to proceed. If Defendants were to prevail on their Counterclaim, any judgment in Plaintiff's favor on the FLSA count would be reduced to below the minimum wage. Such a result would run afoul of Brennan. For that reason,

---

[1] Angulo's reliance on the decisions in *Mejia v. Cambridge Specialty Construction Corp.*, 2009 WL 10700178 (S.D. Fla. Oct. 20, 2009), is misplaced. In *Mejia*, Judge King dismissed the plaintiff's conversion claim which was a recast of his FLSA claim and reasoned that Florida law barred the enforcement of an obligation to pay money by a conversion action. 2009 WL 10700178 at *1. Here unlike in *Mejia*, Il Gabbiano is not seeking to enforce an obligation to pay money. Rather, the conversion and Civil Theft Counterclaims are based on Angulo's exercise of wrongful dominion and control and his subsequent refusal to return the additional funds that he received in excess of the compensation that he was entitled to receive under the FLSA.

12

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

> Defendants should instead file a separate action in the proper forum to pursue the claims alleged in the Counterclaim.

*Id.*

Here, unlike in *Nelson*, Il Gabbiano is not seeking to reduce Angulo's compensation below what he was required to receive under the FLSA. Indeed, paragraph 19 of the Counterclaim makes it explicitly clear that Il Gabbiano is seeking to recover the additional funds that Angulo was paid above and beyond what he was entitled to receive under the FLSA. [DE #30 at p. 5, ¶19]. As such, Angulo's arguments regarding the setoff defense are unmeritorious. *Rivero v. Lefeld & Son, LLC*, 2014 WL 2095219 at *4 (S.D. Fla. May 20, 2014) ("That stated, should E. Rivero prevail on his FLSA claim, Defendants will only be permitted recovery on the counterclaims to the extent they do not reduce E. Rivero's claim below the minimum wage"); *see also Hunter, supra*, 2011 WL 2600656 at *1 ("Furthermore, *Brennan* appears wholly inapplicable. In *Brennan*, the employer sought to reduce the wage owed to the employee by claiming credit for material and supplies provided to the employee. If, in this instance, the defendants sought to reduce the wage allegedly owed to the plaintiffs by claiming, e.g., a credit for the vehicle and cellular telephone provided to the plaintiffs, Brennan would likely prohibit the claim as an impermissible "set-off". However, in this instance, the defendants assert a compulsory counterclaim for fraud in inducing an alleged contract governing the employment that supports the FLSA claim. Although the counterclaim, if successful, may effectively reduce the plaintiffs' final damages award, the counterclaim is not a prohibited "set-off" as contemplated in *Brennan*"), and *Sotelo v. Interior Glass Design, LLC*, 2017 EL 7796317 at p. *6 (S.D. Fla. Aug. 4, 2017) (denying counter-defendant's motion to dismiss the former employer's counterclaims based on the reasons articulated in the *Hunter* and *Rivelo* decisions).

13

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**

It is also important to point out that the concerns that the Fifth Circuit addressed in *Brennan* and Judge Marra addressed in *Nelson* do not apply in this case. That is to say, if Plaintiff prevails on his FLSA claim, then Il Gabbiano would not be entitled to any set-off because Plaintiff would still be owed the extra half time that he was not paid for every hour of overtime that he worked. Conversely, if Il Gabbiano prevails, then it would be entitled to damages (i.e., affirmative relief, not a setoff) representing the excess payment that Il Gabbiano made to Angulo above what he was entitled to receive under the FLSA. *See Garcia v. Nachon Enter., Inc.*, 2016 WL 1077107 at *2 (S.D. Fla. Mar. 18, 2016) ("should Garcia prevail on his FLSA claim, NEI shall be permitted to recover on its counterclaims only to the extent that recovery does not reduce Garcia's claim below the minimum wage"). Put simply, under either scenario, Plaintiff would receive what he was entitled to receive in accordance with the FLSA's overtime requirements. As such, the Court should deny Angulo's Motion to Strike.[2]

### III. Conclusion

WHEREFORE, based on the foregoing, Counter-Plaintiff, Il Gabbiano Miami, LLC respectfully requests that the Court enter an order denying Counter-Defendant's Motion to Dismiss Counterclaim and Motion to Strike Affirmative Defense, requiring Counter-Defendant to answer the Counterclaim within 10 days, and granting such further relief as is just and appropriate.

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for Defendants*
One Biscayne Tower
2 S. Biscayne Blvd, 34th Floor
Miami, Florida 33131

---

[2] To the extent that the Court is inclined to grant any portion of Angulo's motion, Il Gabbiano requests that the Court grant it leave under Federal Rule of Civil Procedure 15 to amend and address any deficiencies in its Counterclaim.

14

        Telephone: (305) 374-5418
        Facsimile: (305) 374-5428

By: /s/ *Beshoy Rizk*
    **ROBERT ZARCO – FBN 502138**
    E-mail: rzarco@zarcolaw.com
    **ROBERT M. EINHORN – FBN 858188**
    E-mail: reinhorn@zarcolaw.com
    **BESHOY RIZK – FBN 93808**
    E-mail: brizk@zarcolaw.com
    Secondary E-mail: mguedes@zarcolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2019, the foregoing document is being served this day on Plaintiff's counsel, J. Paxton Marshall, Esq. (pmarsh.zidellpa@gmail.com) and Natalie Staroschak, Esq. (nstar.zidellpa@gmail.com).

        By: /s/ *Beshoy Rizk*

15

**ZARCO EINHORN SALKOWSKI & BRITO**
**ONE BISCAYNE TOWER, 2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428**