United States District Court
for the
Southern District of Florida

| Everth Issac Angulo, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21352-Civ-Scola |
| | ) |
| Il Gabiano Miami, LLC and others, | ) |
| Defendants. | ) |

**Order Denying Motion to Dismiss Counterclaim**

This matter is before the Court on Plaintiff/Counter-Defendant's motion to dismiss Il Gabiano's Counterclaim. (ECF No. 31.) The Defendant filed a response (ECF No. 32) and the Plaintiff replied. (ECF No. 37.) Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **denies** the Plaintiff's motion. (**ECF No. 31**.)

**I. Background**

Plaintiff Everth Issac Angulo filed a complaint against his former employer, Il Gabiano, for unpaid overtime wages under the FLSA. (ECF No. 1.) The Plaintiff worked as an appetizer and salad preparer from 2007 to 2019. (*Id.* at ¶ 11.) On July 29, 2019, Il Gabiano filed a four-count counterclaim against Angulo for conversion, fraud in the inducement, unjust enrichment, and civil theft. (ECF No. 30.) According to the allegations in the counterclaim, Il Gabiano had agreed to pay Angulo $1100 per week. (*Id.* at ¶ 9.) Based on the going rate for salad preparers in South Florida, this was approximately $200 more per week than Angulo would have received if he was paid the regular $13 per hour for the first 40 hours of work and $19.50 per hour for the 20 hours of overtime that Angulo agreed to work. (*Id.* at ¶ 10.) Il Gabiano claims that it overpaid Angulo in the amount of $39,446.71. Angulo now moves to dismiss Il Gabiano's counterclaim.

**II. Legal Standard**

**A. Dismissal of Counterclaims**

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718-CIV, 2014 WL 351962, at *3-4 (S.D. Fla. Jan. 23, 2014) (Altonaga, J.) (citation omitted). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### B. Striking affirmative defenses

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has broad discretion in ruling on a motion to strike. *Badilo v. City of Deerfield Beach*, No. 13-60057-CIV, 2013 WL 3762338, at *1 (S.D. Fla. July 16, 2013) (Rosenbaum, J.). "Striking allegations from a pleading, however, 'is a drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken allegations have 'no possible relation to the controversy.'" *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). In addition, "pleadings are only allegations, and allegations are not evidence of the truth of what is alleged." *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n. 8 (11th Cir. 2012).

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (Ryskamp, J.).

### C. Analysis

The parties' main dispute centers on whether Il Gabiano's counterclaim is compulsory or permissive. Angulo argues that Il Gabiano's counterclaim is permissive and the Court should not exercise supplemental jurisdiction over such claims. (ECF No. 31.) In response, Il Gabiano argues that its counterclaim is properly before this court because it is a compulsory counterclaim. (ECF No. 32.)

"A compulsory counterclaim is one which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." *Jagroop v. Moran Foods, LLC,* No. 13-62354-CIV, 2014 WL 12600721, at *1 (S.D. Fla. Mar. 4, 2014) (Dimitrouleas, J.) (citations and quotations omitted). "A permissive counterclaim is one which does not arise out of the same transaction or occurrence." *Id.* "In general, a compulsory counterclaim falls within the supplemental jurisdiction of federal courts, while a permissive counterclaim requires an independent jurisdictional basis." *Perez v. Elite Imaging, LLC*, No. 16-cv-24555, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (Huck, J.). The Eleventh Circuit has adopted the "logical relationship" test for determining whether a counterclaim is compulsory. *See Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis for both claims as the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.*

Here, Angulo sued Il Gabiano under the FLSA, claiming that he was not paid overtime wages during his employment with Defendant. (ECF No. 1 at ¶ 17.) Il Gabiano filed a counterclaim for conversion, fraud in the inducement, unjust enrichment, and civil theft. (ECF No. 30.) According to the counterclaim, Il Gabiano overpaid Angulo a total of $39,446.71. (ECF No. 30 at ¶ 19.) Il Gabiano alleges that it agreed to pay Angulo $1,100 per week, which is approximately $200 more per week than Angulo would have received had he been paid the going rate for salad preparers in South Florida. (*Id.* at ¶ 10.) The Court finds that, while not entirely overlapping, Il Gabiano's counterclaim arises from the same operative facts as those in Angulo's complaint. *See Jagroop,* 2014 WL 12600721 at *2. Angulo's complaint will require the parties to litigate the terms of Angulo's employment and how he was compensated during his time with Il Gabiano. These are also dispositive issues for the resolution of the counterclaim.

Angulo relies on cases such as *Cruz v. Winter Garden Realty, LLC*, in which the Court declined to exercise supplemental jurisdiction over the defendant's counterclaim in an FLSA case. No. 12-cv-1098, 2012 WL 6212909 (M.D. Fla. Nov. 27, 2012). In *Cruz*, the defendant's counterclaim alleged that while the employee was at work she was interfering with contractual relationships between the defendant and its tenants, stealing rent money from the defendant, and doing web-based internet work for another company. *Id.* at *1. These claims had nothing to do with the terms of the plaintiff's employment or how she was compensated during her time working for the defendant. The only overlapping fact was that the plaintiff's alleged bad acts took place at the same time as the FLSA claim (during her employment). *Id.* at *5. Unlike cases such as *Cruz,* Il Gabiano's counterclaim deals with the same facts, evidence, and witnesses as the Plaintiff's FLSA complaint.

The Plaintiff also argues that the counterclaim is duplicative of Il Gabiano's set-off affirmative defense and the affirmative defense should be stricken because set-off is an improper defense in FLSA actions. (ECF No. 31 at 14.) "Courts have generally been hesitant to permit employers to file counterclaims in FLSA action to recover damages an employer alleges an employee's conduct occasioned." *Barrios v. S. & Caribbean Agencies, Inc.*, No. 18-21550, 2019 WL 341178, at *2 (S.D. Fla. Jan. 28, 2019) (Torres, Mag. J.) (citations omitted). In *Brennan v. Heard*, the former Fifth Circuit held that both setoffs and counterclaims are inappropriate in cases brought under the FLSA. 491 F.3d 1, 4 (5th Cir. 1974). The *Brennan* court explained that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards" and "to clutter [FLSA] proceedings with the minutia of other employer-employee relationships would be antithetical to the purpose of the Act." *Barrios*, 2019 WL 341178 at *2 (quoting *Brennan*, 491 F.3d at 4). "The *Brennan* rule does not, however, preclude an employer from raising a set-off as an affirmative defense in a case where the employee received overpayment of wages." *Id.* (citations and quotations omitted). "In such a case the set-off would only reduce the overpayment while still maintaining the plaintiff's recovery of wages under the FLSA." *Id.* (citations and quotations omitted).

The Court finds that the *Brennan* rule does not preclude the Defendant's set-off defense. Il Gabiano asserts that Angulo received *overpayment* of wages. Il Gabiano is not seeking to reduce Angulo's compensation below what is required under the FLSA. Il Gabiano's claim—that it actually overpaid Angulo—is precisely the type of employer-employee dispute contemplated by the FLSA. Accordingly, the Court denies the Plaintiff's motion to strike.

**D.     Conclusion**

Accordingly, the Court **denies** the Plaintiff's motion to dismiss the Counterclaims and strike the Defendant's Eleventh Affirmative Defense. (**ECF No. 31**.)

**Done and ordered** at Miami, Florida, on October 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge